# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

STEVEN CROW, et al.,

                Plaintiffs,

    v.

COSMO SPECIALTY FIBERS, INC., TRANS-SYSTEM, INC., AIRGAS SPECIALTY PRODUCTS, INC.,

                Defendants.

CASE NO. 3:15-5665-RJB

ORDER ON DEFENDANT AIRGAS SPECIALTY PRODUCTS INC.'S MOTION FOR SUMMARY JUDGMENT

THIS MATTER comes before the Court on Defendant AirGas Specialty Products Inc.'s Motion for Summary Judgment. Dkt. 92. The Court has considered the responsive briefing filed by the parties (Dkts. 100, 101, 103) and the remainder of the file herein.

## BACKGROUND

AirGas is the third defendant to file a motion for summary judgment. The Court is very familiar with the underlying facts, which need not be recited at length.

This case originates from an industrial injury incident on September 27, 2012, when Plaintiff Steven Crow was allegedly exposed to hazardous fumes or gas while working at a

ORDER ON DEFENDANT AIRGAS SPECIALTY PRODUCTS INC.'S MOTION FOR SUMMARY JUDGMENT - 1

location adjacent to a pulp mill owned and operated by Cosmo. On the subject date, a tanker truck owned and operated by TSI-JJW delivered aqua ammonia to Cosmo storage tanks. Prior to departing the premises, the truck driver has acknowledged, he "vented" excess aqua ammonia vapor into the atmosphere. Plaintiffs have pointed to this venting as the cause[1] of Mr. Crow's injury.

According to the Complaint, AirGas was the supplier of the aqua ammonia delivered to Cosmo on the subject date. Dkt. 1 at ¶2.5. AirGas concedes its role as supplier, *see* Dkt. 92 at 2, but, AirGas argues, the delivery was the cause of injury, and AirGas contracted with TSI-JJW for the delivery. Dkt. 93-1 at 3. In support of this argument, AirGas points to several facts not disputed by the parties: (1) the aqua ammonia was picked up at a Dyno Nobel facility in Oregon by employees of TSI-JJW and/or Dyno Nobel; (2) the aqua ammonia was delivered to Cosmo by employees of TSI-JJW and/or Cosmo; and (3) AirGas had "no role" in the creation of the Standard Operating Procedure (SOP) relied upon by TSI-JJW and/or Cosmo for the pickup and delivery of the aqua ammonia. Dkt. 92 at 2, 3.

AirGas seeks summary judgment of dismissal. AirGas argues: (1) dismissal of negligence allegations is warranted, because there is no evidence that AirGas breached a duty owed or caused harm (*see* Dkt. 1 at ¶4.1); (2) dismissal of vicarious liability allegations is warranted, because there is no evidence that AirGas, as principal, maintained control over TSI-JJW, as its agent (*see id.* at ¶6.1); and (3) dismissal of strict liability allegations is warranted because the mere storage of aqua ammonia does not incur liability, and even if so, AirGas never handled the

---

[1] Not relevant to this motion is the alternative theory that Mr. Crow sustained harm from an unidentified gas or fume elsewhere present on Cosmo's property.

ORDER ON DEFENDANT AIRGAS SPECIALTY PRODUCTS INC.'S MOTION FOR SUMMARY JUDGMENT - 2

aqua ammonia, and the cause of the harm is the handling of the aqua ammonia by employees of Cosmo and/or TSI-JJW (*see id*. at ¶¶7.1, 7.2). Dkt. 92.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the non moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed.R.Civ.P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 .S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors Association*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254, T.W. *Elect. Service Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will

1 discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial

2 to support the claim. *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra*).

3 Conclusory, non specific statements in affidavits are not sufficient, and "missing facts" will not

4 be "presumed." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990).

## DISCUSSION

(1) Negligence allegations (Dkt. 1 at ¶4.1)

To defeat summary judgment of a negligence claim, the plaintiff must make a prima facie showing of "the existence of a duty to the plaintiff, breach of the duty, and injury to plaintiff proximately caused by the breach." *Lynn v. Labor Ready, Inc.*, 136 Wn. App. 295, 306 (Div. II 2006); *Hertog, ex rel. S.A.H. v. City of Seattle*, 138 Wn. 2d 265, 275 (1999).

Plaintiffs' Response states that "Plaintiffs do not oppose the dismissal of defendant AirGas . . . provided that the Plaintiffs are not left facing an empty chair defense at trial." Dkt. 100 at 1. Plaintiffs then expand their request, arguing that if AirGas is dismissed, "the Court must also dismiss [TSI-JJW's] affirmative defense of nonparty fault[.]" *Id*. at 2, 4, 5. Cosmo similarly does not oppose dismissal of AirGas as to the negligence allegations. Dkt. 101.

Dismissal of AirGas from allegations of negligence should be granted, because Plaintiffs have not made a sufficient prima facie showing as to <u>any</u> elements of a negligence claim. Plaintiffs concede as much. *See* Dkt. 100. Even if they had not, no recitation of facts in the record could show issues of fact as to any elements of AirGas' alleged negligence.

Plaintiffs also seek to expand the scope of the Court's ruling beyond the scope of the motion, by requesting dismissal of Cosmo's affirmative defenses. Dkt. 100 at 4, 5. Plaintiffs provide no authority for their position that summary judgment of dismissal of AirGas also requires dismissal of TSI-JJW's affirmative defenses. While the argument may have some

1  logical cogency, the issue of whether to dismiss affirmative defenses is not properly raised in a
2  response brief. The issue is not yet before the Court.

3  (2) <u>Vicarious liability allegations (Dkt. 1 at ¶6.1)</u>

Under Washington law, the general rule is that "one who engages an independent contractor . . . is not liable to employees of the independent contractor resulting from their work." *Kelley v. Howard S. Wright Const. Co.*, 90 Wn.2d 323, 330 (1978). However, the general rule, derived from the common law, has exceptions "so numerous [that] have so far eroded the 'general rule,' that it can now be said to be 'general' only in the sense that it is applied where no good reason is found for departing from it." Cmt. (b), Restatement (Second) of Torts § 409 (1965). Applicable here, an exception exists for employing an independent contractor "to do work involving a special danger . . . which the employer knows or has reason to know to be inherent in or normal to the work." Restatement (Second) of Torts § 427. Liability extends only to "physical harm caused . . . by the contractor's failure to take reasonable precautions against such danger." *Id*.

Plaintiffs' Response does not directly respond to AirGas' request to dismiss allegations of vicarious liability. *See* Dkt. 100.

Plaintiffs pleaded vicarious liability, but the record is devoid of factual support for the allegation. Plaintiffs have not pointed to any reason to depart from the general rule, for example, by pointing to facts that would tend to show that AirGas controlled certain aspects of the aqua ammonia delivery by TSI-JJW or that AirGas failed to take certain reasonable precautions to mitigate harm of a special danger. As to the vicarious liability allegations, AirGas' motion should be granted and dismissal is warranted.

(3) <u>Strict liability and abnormally dangerous activity allegations (Dkt. 1 at ¶¶7.1, 7.2)</u>

Washington has adopted the doctrine of strict liability for abnormally dangerous activities as set forth in the Restatement (Second) of Torts §§ 519 and 520 (1977). *Klein v. Pyrodyne Corp.,* 117 Wn.2d 1, 6 (1991). Whether an activity is "abnormally dangerous" is a question of law that invites consideration of six factors:

> (1) existence of a high degree of risk of some harm to the person, land or chattels of others;
>
> (2) likelihood that the harm that results from it will be great;
>
> (3) inability to eliminate the risk by the exercise of reasonable care;
>
> (4) extent to which the activity is not a matter of common usage;
>
> (5) inappropriateness of the activity to the place where it is carried on; and
>
> (6) extent to which its value to the community is outweighed by its dangerous attributes.

*Klein*, 117 Wn.2d at 6 (quoting Restatement (Second) of Torts § 520 (1977)). No single factor is dispositive. *Id*. "The essential question is whether the risk created is so unusual, either because of its magnitude or because of the circumstances surrounding it, as to justify the imposition of strict liability for the harm that results from it, even though it is carried on with all reasonable care." *Id*. at 7 (quoting Restatement (Second) of Torts § 520, cmt. f).

Plaintiffs' Response does not directly respond to AirGas' request to dismiss allegations of abnormally dangerous activity. *See* Dkt. 100. Cosmo does not oppose dismissal of strict liability allegations "to the extent that a dismissal . . . is applicable to all defendants in the case." Dkt. 101 at 1. The Court previously denied Cosmo's motion without prejudice on the same issue. Dkt. 98 at 8.

Plaintiffs have not pointed to any issues of fact as to abnormally dangerous activities particular to AirGas. The Court's review of the record does not show otherwise. Further, other

than raising their general objection to an empty chair defense, Plaintiffs have not pointed to any issues of fact about the scope of TSI-JJW's agency on behalf of AirGas. Nor does Cosmo's briefing do so. With no issues of material fact as to activities of AirGas, AirGas' motion should be granted, and strict liability allegations should be dismissed as to AirGas.

This Order makes no findings as to the parties' crossclaims.

* * *

THEREFORE, Defendant AirGas Specialty Products, Inc.'s Motion for Summary Judgment (Dkt. 92) is GRANTED. As to all claims alleged in the Complaint (*see* Dkt. 1), Defendant AirGas Specialty Products, Inc. is DISMISSED.

Defendant AirGas Specialty Products, Inc. is not dismissed from the parties' crossclaims.

IT IS SO ORDERED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 17th day of April, 2017.

*Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge