# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| STEVEN CROW and CHERYL CROW, and CHERYL CROW on behalf of and as parent and guardian of J.M.C., J.J.C., and G.E.C., minors,<br><br>Plaintiffs,<br>v.<br><br>TRANS-SYSTEM, INC., an Indiana Corporation d/b/a/ James J. Williams Bulk Service Transport,<br><br>Defendant. | CASE NO. 3:15-cv-05665-RJB<br><br>ORDER ON DEFENDANT TRANS-SYSTEM, INC.'S RESPONSE TO PLAINTIFFS' MOTION FOR SUPERSEDEAS BOND PURSUANT TO FRCP 62 |

THIS MATTER comes before the Court on Plaintiffs' Motion for Supersedeas Bond Pursuant to FRCP 62. Dkt. 223. The Court has considered Defendant JJW's Response (Dkt. 225), Plaintiffs' Reply (Dkt. 228), and the remainder of the file herein.

Plaintiffs seek an order requiring Defendant JJW to post a supersedeas bond in the amount of $7,250,000, pursuant to Fed. R. Civ. P. 62. Dkt. 172. Defendant JJW timely filed its Notice of Appeal on October 31, 2017 following a jury award of $6,490,000. The Court also

ORDER ON DEFENDANT TRANS-SYSTEM, INC.'S RESPONSE TO PLAINTIFFS' MOTION FOR SUPERSEDEAS BOND PURSUANT TO FRCP 62 - 1

1 awarded $1122 in costs. Dkt. 216. Plaintiffs are concerned that if Plaintiffs prevail on appeal,

2 Defendant JJW may not be able to satisfy the judgment. *See* Dkt. 223.

3 Defendant JJW has no objection to posting a supersedeas bond, but requests that the Court issue its order after a planned appellate mediation scheduled for January 24, 2018. Dkt. 225. Defendant JJW also maintains that a bond in the amount of the judgment, $6,490,000, is sufficient to protect Plaintiffs' interests, because Defendant JJW has Primary Excess Coverage (ATTIC, RRG, up to $5,000,000) and Commercial Excess Coverage (Gemini, the remaining amount) sufficient to cover the judgment. *Id*.

In reply, Plaintiffs argue Defendant JJW has not diligently informed Plaintiffs of insurance coverage issues since the judgment, and requiring Defendant JJW to post a supersedeas bond prior to mediation may help facilitate resolution. Dkt. 228.

Fed. R. Civ. P. 62(d) gives courts authority to require a supersedeas bond, and courts are accorded broad discretion as to the amount. *See Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1109 (9th Cir. 2009). "The posting of a bond protects the prevailing plaintiff from the risk of a later uncollectable judgment and compensates him for delay in the entry of the final judgment." *NRLB v. Westphal*, 859 F.2d 818, 819 (9th Cir. 1988).

The Court finds that at present Plaintiffs' interests will be protected by a supersedeas bond in the amount of $6,491,122. Although Plaintiffs suspect that Defendant JJW may be thinly capitalized, Defendant JJW has made a showing that its insurers are willing to defend and to post bond, which reduces the risk that Plaintiff will not get paid.

Defendant JJW should post a supersedeas bond in the amount of $6,491,122 by January 31, 2018, and to that extent Plaintiffs' motion should be granted. This Order makes no finding about any applicable interest. *See, e.g.,* 28 U.S.C. §1961(a). Although Defendant JJW should be

required to post a bond to cover the jury award plus costs, Plaintiffs have not, at present, made a showing that an additional amount should be required, so their motion should otherwise be denied without prejudice.

\* \* \*

THEREFORE, it is HEREBY ORDERED that Plaintiffs' Motion for Supersedeas Bond Pursuant to FRCP 62 is GRANTED IN PART. Defendant Trans-System, Inc., d/b/a James J. Williams Bulk Transport is ORDERED to post a supersedeas bond in the amount of $6,491,122 by January 31, 2018.

Plaintiffs' motion is OTHERWISE DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 22nd day of January, 2018.

*Robert J. Bryan*

ROBERT J. BRYAN
United States District Judge

ORDER ON DEFENDANT TRANS-SYSTEM, INC.'S RESPONSE TO PLAINTIFFS' MOTION FOR SUPERSEDEAS BOND PURSUANT TO FRCP 62 - 3